SAVOIE, Judge.
Lewis Ronald Hoffer was charged by bill of information with felony theft in violation of La.R.S. 14:67. Hoffer pled not guilty and waived his right to a jury trial. After a bench trial, the trial court found Hoffer guilty and sentenced him to serve four years in the Department of Corrections at hard labor. The trial court suspended execution of the sentence and placed Hoffer on two years supervised probation, noting that restitution had previously been made. Hoffer appeals his conviction.
*34 In February, 1981, Hoffer, through his company, Baton Rouge Bedding, rented a warehouse for manufacturing and/or storing mattresses. On February 4, 1981, Michael Medlock opened a checking account in the name of Baton Rouge Bedding with American Bank. Medlock was the only person authorized to sign checks on the account. Over the next three months, approximately $10,369.00 was deposited in the account while approximately $19,600.00 was withdrawn. Numerous checks drawn on different out-of-town and out-of-state banks were deposited in the account. These checks were subsequently dishonored, causing the account to be overdrawn.
The State alleged that Medlock was acting as an agent for Hoffer in opening the American Bank account. The State further alleged all of the dishonored checks were drawn on the accounts of companies Hoffer had set up for the purpose of “kiting checks.” Finally, the State alleged Hoffer received the money from the checks written on the American Bank account.
ASSIGNMENTS OF ERROR
On appeal, Hoffer alleges the State failed to prove beyond a reasonable doubt:
1. each of the necessary elements of the crime of theft;
2. the defendant misappropriated or took anything of value belonging to another;
3. the alleged misappropriation or taking occurred by means of fraudulent conduct, practices or misrepresentations; and
4. the defendant had an intent to deprive the owner permanently of the property allegedly misappropriated or taken.
Hoffer also alleges the trial court allowed the introduction of hearsay evidence and testimony by the State contrary to defendant’s right to confront his accusers under U.S. Const, amend. VI and XIV and under La.R.S. 15:428 and 15:434.
The first four assignments of error will be considered together for the purposes of this opinion since they all relate to the sufficiency of the evidence.
To obtain a conviction for felony theft in this case, the State must prove the misappropriation or taking of amounts to a value of five hundred dollars or more belonging to another by means of fraudulent conduct, practices or misrepresentation with the intent to permanently deprive the other of the thing taken. La.R.S. 14:67. Thus, the State must prove beyond a reasonable doubt that Hoffer misappropriated or took $500.00 or more from American Bank by fraudulent means with the intent to permanently deprive the bank of the money.
The State presented evidence to show Michael Medlock opened an account with American Bank in the name of Baton Rouge Bedding. Medlock was the only person authorized to write checks on the account. Evidence was introduced to show numerous checks drawn on various out-of-town and out-of-state accounts were deposited to the American Bank account. These checks were not paid because the accounts had been closed or had no funds. Hoffer was involved with all of the companies against which the dishonored checks were written. In fact, Hoffer’s name appeared on one of the checks. A statement of the American Bank account showed approximately $10,369.00 was actually deposited in the account while approximately $19,600.00 was withdrawn. Finally, a sheriff’s deputy testified Hoffer admitted he was involved in a “check kiting” scheme and intended to repay American Bank as soon as he could. Prior to trial, Hoffer did make restitution.
While the State did prove some elements of the crime charged, all elements were not proven. Regarding the dishonored check bearing Hoffer’s name, there was no testimony or evidence to show the signature was Hoffer’s. Further, no evidence, such as checks drawn on the American Bank account, was introduced to show to whom the checks, which caused the account to be overdrawn, were made payable and/or who received the money once the checks were cashed. Thus, the State failed to prove *35 Hoffer either participated in the scheme to defraud the bank or received any money allegedly taken. In fact, the State did not prove that any money had been withdrawn from the American Bank account.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Celestine, 452 So.2d 676, 678 (La.1984), cert. denied, — U.S. —, 105 S.Ct. 224, 83 L.Ed. 154 (1984). A confession alone cannot be used to legally convict an accused without proof that a crime has been committed by someone. Celestine, supra. Since the State did not prove that any money had been taken or that Hoffer received the allegedly misappropriated funds, the corpus delicti was not independently established. Therefore, there is insufficient evidence to uphold Hoffer’s conviction.
We need not consider the final assignment of error because of the disposition of the first assignments of error.
Accordingly, the defendant’s conviction and sentence are reversed.
REVERSED.
SHORTESS, J., concurs with reason.